IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOHN R. BRIGGS                                                                          PLAINTIFF

vs.                                        Civil No. 3:06-cv-3016

MICHAEL J. ASTRUE[1]                                                              DEFENDANT
Commissioner, Social Security Administration


**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

John R. Briggs ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration denying his application for disability

insurance benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm L.

Hendren referred this case the Honorable Barry A. Bryant for the purpose of making a report and

recommendation.   The Court, having reviewed the entire transcript and relevant briefing,

recommends that the ALJ's determination be **REVERSED AND REMANDED.**

**Background:**

The application for DIB now before this Court was protectively filed on September 22,

2003.  (Tr. 12).[2]  The application alleges an onset date of July 11, 2002 due to bilateral ulnar

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The transcript pages for this case are referenced by the designation "Tr."   The document numbers for this case are referenced by the designation "Dkt. No."

1

neuropathy, bilateral cubital tunnel syndrom, chronic ulnar neuritis of the left and right forearm, left thumb transverse nerve loss, and digital neuritis. (Tr. 13, 15). An administrative hearing was held on August 18, 2005. (Tr. 306-333). The Plaintiff was present but was not represented by counsel. (Tr. 308).

On November 1, 2005, the Administrative Law Judge ("ALJ") issued a written opinion. (Tr. 12). The ALJ concluded the Plaintiff had not engaged in substantial gainful activity at any time since July 11, 2002. (Tr.13). The ALJ also found the Plaintiff's bilateral ulnar neuropathy, bilateral cubital tunnel syndrome, chronic ulnar neuritis of the left and right forearm, left thumb transverse nerve loss, and digital neuritis were severe impairments. (Tr. 13). However, the ALJ found that these impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 16).

The ALJ examined and considered the testimony of vocational expert ("VE") Bruce Magnuson, and based upon his testimony, concluded that the Plaintiff could no longer perform his past relevant work ("PRW"). (Tr. 16). The Plaintiff's PRW included jobs as a millwright, machinist, and welder. (Tr. 12). The ALJ evaluated the Plaintiff's residual functional capacity ("RFC") and concluded that the Plaintiff was capable of performing "the exertional demands of light work or work which requires maximum lifting of twenty pounds and frequent lifting of ten pounds (20 CFR 404.1567)." (Tr. 14).

The ALJ considered the testimony of VE Bruce Magnuson when determining whether the Plaintiff could perform other substantial and gainful work within the national economy. (Tr. 16). The Plaintiff was forty-four years old and possessed a high school education. (Tr. 16). Mr. Magnuson testified that a hypothetical person with the same RFC, age, work experience, and

education as the Plaintiff could perform work as a sales clerk (3,216 jobs locally and 173,406 jobs nationally), cashier II (13,276 jobs locally and 908,372 jobs nationally), and security guard (6,401 jobs locally and 427,231 jobs nationally).  (Tr. 16).   The ALJ determined the Plaintiff was not entitled to a period of disability because a hypothetical person with his limitations would be "capable of making a successful adjustment to work which exists in significant numbers in the national economy."  (Tr. 15).

On February 14 2006, the Appeals Council declined to review this decision.  (Tr. 4-7). Subsequently, Plaintiff filed this action.  (Dkt. No. 1).  This case was referred to the undersigned on February 20, 2007.  The Commissioner has filed an appeal brief, but the Plaintiff did not file an appeal brief.  (Dkt. No. 7).  This case is ready for decision.

**Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001)  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d

3

1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920.

4

**Discussion:**

In evaluating the Plaintiff's RFC under Step 4, the ALJ correctly determined that he must "consider all symptoms, *including pain,* and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 CFR 404.1529 and Social Security Rule 96-7." (Tr. 14) (emphasis added). The ALJ, however, failed to properly apply the rule of *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir. 1984)*,* under Step 4 and failed to properly evaluate the Plaintiff's subjective complaints, including pain, based upon the *Polaski* factors.[3]  (Tr. 14).

According to the Eighth Circuit in *Polaski,* "the adjudicator [ALJ] must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians."  *See id.*  The ALJ is required to examine and to evaluate this evidence based upon the following five factors: "(1) the claimant's daily activities, (2) the duration, frequency, and intensity of the pain, (3) precipitating and aggravating factors, (4) dosage, effectiveness and side effects of medication, and (5) functional restrictions."  *Id.*  The Eighth Circuit further provides in *Polaski* that the "adjudicator is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations."  *Id.*  (emphasis in the original).

The ALJ may discount subjective complaints if there are "inconsistencies in the evidence

_____

[3] The record indicates that the Plaintiff now resides in Mountain Home, Arkansas.  (Tr. 4).  The ALJ's hearing on August 19, 2005 was held in Pueblo, Colorado in the Tenth Circuit. (Tr. 12).  There may be an issue as to whether the dictates of *Polaski* should be applied in this case.  However, since the Defendant did not raise this issue and, in fact, argues *Polaski* in his appeal brief*,* this Court deems this issue waived.

as a whole." *Id.; See Ownbey v. Shalala,* 5 F.3d 342, 344 (8th Cir. 1993) (per curiam) (holding that the claimant's allegations of medication-related dizziness, drowsiness, and sleepiness were inconsistent with the record, as the claimant had never complained to physicians about alleged side effects). The ALJ may discount subjective complaints if the claimant did not receive treatment for his or her alleged pain, if the claimant's testimony conflicts with the testimony of a physician's report ,or if the claimant's testimony conflicts with his or her past work history. *See id.* at 344-45. The ALJ also may discount the testimony of certain witnesses if that testimony is not credible because the witness has a financial interest in the outcome of the case. *See Rautio v. Bowen,* 862 F.2d 176, 179 (8th Cir. 1988).

The ALJ, however, may not discount the subjective complaints of the claimant without first applying the *Polaski* factors. *See Cline v. Sullivan,* 939 F.2d 560, 565 (8th Cir. 1991) (holding that "*Polaski requires* an examination of [the] five [*Polaski*] factors in such cases and a discussion in the record of the relation of those factors to the evidence.") (emphasis added); *Ownbey,* 5 F.3d at 344 (stating that "the ALJ properly considered Ownbey's subjective complaints of pain under *Polaski v. Heckler,* 751 F.2d 943 (8th Cir. 1984) . . . and discredited them because they were inconsistent with the record as a whole."). The ALJ must not only discuss the inconsistencies in the evidence but must also discuss the factors set forth in *Polaski* when making a credibility determination concerning the claimant's subjective complaints of pain. *See Herbert v. Heckler,* 783 F.2d 128, 130 (1986); *Reed v. Sullivan,* 988 F.2d 812, 814 (stating that the *Polaski* requires the ALJ to consider the claimant's prior work record, observations by third parties, and diagnoses by treating and examining physicians related to the five *Polaski* factors).

If the ALJ fails to refer to the *Polaski* factors and fails to evaluate the subjective evidence

in light of those factors, then the ALJ's credibility determination under Step 4 of this analysis is not supported by substantial evidence. *See id.* at 130-31; *Cline,* 939 F.2d at 569 (holding that the "ALJ's credibility analysis, which discusses only one of the appropriate factors, is clearly erroneous and unsupported by substantial evidence.").

In the present action, the Plaintiff stated that he could not return to work because of the pain he was experiencing while working. (Tr. 312). The ALJ determined the Plaintiff's subjective complaints of pain were not credible due to the following: (1) the Plaintiff claimed he was unable to work because of pain in his knees, but he continued to work at his regular job duties; (2) the Plaintiff claimed he had pain in his knees, but his medical examination in December of 2003 showed that he was ambulatory and stable; and (3) he claimed problems with gripping and handling, but he was able to drive an automobile for short distances, his grip strength was still 4 out of 5, and he was capable of performing work with his hands. (Tr. 14). Based upon this credibility determination, the ALJ determined the Plaintiff retains RFC to "perform the exertional demands of light work, or work which requires maximum lifting of twenty pounds and frequent lifting of ten pounds (20 CFR 404.1567). . . . the claimant's capacity for light work is diminished by significant non-exertional limitations which make it impossible for him to climb ladders, ropes, and scaffolds. . . ." (Tr. 14).

In reviewing the Plaintiff's credibility, the ALJ did not discuss *Polaski* or attempt to apply the *Polaski* factors. (Tr. 14). The ALJ did not discuss the *Polaski* analysis even though the Plaintiff stated he could not go back to work because of his pain. (Tr. 312). This analysis is insufficient pursuant to the Eighth Circuit's decision in *Polaski* and its progeny. The ALJ is required to directly refer to the *Polaski* factors and analyze those factors in order for the ALJ's decision to be supported

by substantial evidence. *See Cline,* 939 F.2d at 569. Since the ALJ did not directly refer to the *Polaski* factors and did not analyze those factors, the ALJ's decision is not supported by substantial evidence and should be reversed.

**Conclusion:**

Accordingly, based on the foregoing, the decision of the ALJ denying benefits to the Plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for further consideration consistent with this opinion and with the Eighth Circuit's *Polaski* analysis.

The parties are each reminded of their duty to fully and fairly develop the record upon remand. The United States Court of Appeals for the Eighth Circuit has stated numerous times that it is the duty of the ALJ to fully and fairly develop the record. *See Wilcutts v. Apfel,* 143 F.3d 1134, 1137-38 (8th Cir. 1998). This is so because an administrative hearing is not an adversarial proceeding. *See Battles v. Shalala,* 36 F.3d 43, 44 (8th Cir. 1994).

Upon remand, the testimony of the witnesses, as well as any physician opinion[s] should pertain to Plaintiff's claims during the relevant time period for the purposes of DIB. The ALJ is also directed to ascertain the relevant time period for the purposes of DIB. The alleged onset date of the disability was July 11, 2002. (Tr. 13, 15). The record, however, is not clear as to date the Plaintiff was last insured. The Plaintiff indicated that he was not insured at the time of the hearing on August 18, 2005 and possibly had not been since April of 2004, but the ALJ did not determine the date the Plaintiff was last insured. (Tr. 316).

**Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.**

8

*See* **28 U.S.C. § 636(b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the court except on grounds of plain error or manifest injustice.**

ENTERED this 4th day of April, 2007.


/s/   Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge

9